BAKER *et al.* v. SQUIER, appellant.

*Evidence — custom — genuineness of written instrument — copy of writing — proof of loss of original.*

Defendant purchased from plaintiffs a quantity of soda ash, to be delivered, of a certain quality. Plaintiffs tendered the soda ash to defendant, at the same time offering a certificate of quality from " H. & A.," a firm of chemists. Defendant refused to receive the ash, and it was resold. In an action for the loss on resale, *held*, that it was competent to show that it was the universal custom of the trade in contracts for soda ash, to determine the quality by tests by certain recognized chemists, whose certificate was attached to the invoice, and was received by dealers as evidence of the quality, and that the firm of " H. & A." were among those recognized chemists, and their certificate was recognized by the trade as a compliance with such a contract.

There was no witness called to prove the genuineness of the certificate, who had seen H. & A. write, or who had corresponded with them, but several dealers in the soda ash trade testified that numbers of such certificates had passed through their hands, and had been acted upon by them, and received in the trade as genuine. *Held*, sufficient to go to the jury upon that question.

A copy of the certificate was produced instead of the original tendered. It was shown that it was usual for the certificate to go with the invoice to the purchaser; that it was not usually preserved; that the witnesses were unable to trace the certificate in question, and that it was probably lost. *Held*, that the copy was admissible. Where a paper is of but little value, less diligence is demanded in attempting to produce or find the original paper, because the circumstances aid the presumption of loss.

APPEAL from a judgment entered on the verdict of a jury in favor of plaintiffs, at the Kings circuit, in November, 1873.

The action was brought by Henry J. Baker and others, to recover of William S. Squier the difference between the contract price of a quantity of soda ash purchased by defendant and the price received in a resale after he had refused to receive the same. The material facts appear in the opinion.

*George P. Andrews,* for appellant.

*Alfred P. Buel & Winchester Britton,* for respondents.

TALCOTT, J. This action was brought for a refusal to receive goods sold to the defendant by a bought and sold note. The goods were described in the contract as 225 tons "Kurty, 48 to 50 % carbonated soda ash;" the ash was to be shipped from Liverpool to New York, at the rate of 25 tons monthly, and each shipment was to be treated as a separate contract. The vendors notified the plaintiff of the first shipment, stating "the test is 48 per cent." The vendee refused to receive the property upon the ground that the test was only 48 per cent, when the contract called for 48 to 50 per cent. Thereupon the vendors tendered the soda ash, with a certificate of the test purporting to have been issued by Husson & Arrot, showing the test to be 48%. Evidence was given on the part of the plaintiff, tending to show an established and universal custom in the trade, by which the terms used in the contract were understood to mean, that the soda ash was to be of the manufacture of one Kurty, and was to possess at least 48 per cent of alkali, which was to be according to the test of certain English chemists, recognized and known in the trade, whose certificates were attached to the invoice and received as evidence of the test, and that the test of 48 per cent was understood to satisfy the contract. Messrs. Husson & Arrot were chemists known to be dealers in the article, and their certificate was recognized in the trade as a compliance with such a contract. The defendant received the residue of the soda ash, which arrived at New York by seven different shipments, upon the certificates purporting to be those of Husson & Arrot. The soda ash embraced in the shipment in question, after having been duly tendered to the defendant, was sold by the vendors after due notice to the defendant, and this action is brought to recover the

difference between the contract price and the price brought at the sale. The exceptions of the defendant to which our attention is called relate to the proof of the custom of the trade, and to the genuineness of Husson & Arrot's certificate. We think the custom was properly admitted in evidence. A person engaged in a particular trade is presumed to be acquainted with the usages of that trade, and to contract with reference to them, and the usage of the trade in which the contract is made may be shown to explain the meaning of a particular contract, but not to contradict its plain terms; the figures 48 to 50 per cent convey no meaning to a person, ignorant of the subject-matter of the contract, and of the usages of the trade in which it was made, and the evidence of the custom was to explain the meaning of those terms or figures when used in such a contract, and did not tend to vary the import of the contract so far as its terms were expressed. 1 Greenl. Ev., § 292.

The defendant also objects that the genuineness of the certificate of Husson & Arrot was not proved. There was no evidence of any person who had seen Husson & Arrot write, or had corresponded with them, but there was the evidence of several dealers in the trade to which the contract related to the effect that numbers of such certificates, as one witness says thousands had passed through their hands and had been acted upon by them and received in trade as genuine This, we think, was sufficient evidence to go to the jury on the subject of the genuineness of the certificate. 1 Greenl. Ev. 587; *United States* v. *Keen*, 1 McLean, 429; *Burnham* v. *Ayer*, 36 N. H. 182.

The only remaining question made by the defendant grows out of the fact that a copy of the certificate of Husson & Arrot was used on the trial instead of the original. It appeared, however that it was customary to attach these certificates to the invoice or bill of sale, and thus they passed into the hands of the purchaser and were not preserved by the seller, and the witnesses in this case were unable to trace the certificate, and some evidence was given tending to show that it was probably lost or destroyed. Where a paper is of but little value, less diligence is demanded in attempting to produce or find the original paper, because the circumstance aids the presumption of loss. In this case it appeared that the article to which the certificate related had been sold, and presumptively that the certificate went with the invoice, and from the time which had elapsed the article to which it related had probably gone into general consumption.

We think, therefore, that this circumstance, together with the evidence given, afforded a sufficient presumption of the loss or destruction of the original certificate, and that it was beyond the reach of the plaintiff.

The judgment must be affirmed.                    *Judgment affirmed.*